HENGEL, BERG & ASSOCIATES, Appellant v.
STATE et al., Respondents

(238 N.W.2d 691)

(File No. 11648. Opinion filed February 20, 1976)

---

4.  See Minnesota Rules of Criminal Procedure, Rule 3, Warrant or Summons Upon Complaint, 3.01 to and including 3.04.

**Lynn, Jackson, Shultz, Ireland & Lebrun**, Rapid City, for plaintiff and appellant.

**Camron D. Hoseck, Carl W. Quist**, Asst. Attys. Gen., Pierre, for defendants and respondents.

MUNDT, Circuit Judge.

This appeal arises out of the action taken by defendant State Auditor (hereinafter referred to as "Auditor") in refusing to issue a warrant on a voucher filed and submitted by plaintiff Hengel, Berg and Associates for services rendered in the preparation of plans and specifications for a Physical Research Building for the State Department of Highways.

In March 1968, a contract was executed between plaintiff and the State of South Dakota, State Building Committee. Later a decision was made not to construct the building. An addendum to the contract was executed in July 1971, which in substance provided for a pro rata payment to plaintiff for its work product, and which was to be submitted thirty days after the execution of the addendum. The work product was not produced within the time specified and thereupon the contract was cancelled.

In September 1973, plaintiff submitted a voucher to the Auditor for payment of $43,418.98 for services rendered. This voucher was submitted directly to the Auditor without the approval of either defendant State Engineer or defendant Highway Commission. Upon receipt of the voucher, the Auditor advised plaintiff that payment of the claim was being denied as being neither a just nor valid claim.

In October 1973, plaintiff took an appeal to the circuit court of Hughes County by filing and serving upon all defendants a "Notice of Appeal" from the decision of the Auditor denying and rejecting its claim. This appeal was taken under the provisions of SDCL 4-9-7, SDCL 21-33 and SDCL 1-26.

Upon appeal to the circuit court, that court limited the issues to whether the issuance of a warrant for payment of plaintiff's claim was illegal, unauthorized or improper. The trial court determined it was not a just and valid claim and affirmed the Auditor's action. Plaintiff's request for findings of fact and conclusions of law was denied.

Plaintiff contends it has never had an opportunity to present its case at a judicial trial or at an administrative hearing. Its voucher, it says, was summarily denied by the Auditor without any opportunity for it to submit evidence or argument as provided for in SDCL 1-26-18. Since it was deprived of an opportunity to present its claim at the administrative level, it claims it is entitled to a trial de novo in circuit court. It says further review on the administrative level would not provide an adequate remedy. Plaintiff argues that the legislature in enacting the Administrative Procedure Act has, in fact, prescribed by law the powers and duties of the Auditor. Even if the legislature has failed to prescribe a procedure for officers to follow, a person cannot be denied his constitutional rights, namely, taking property without due process of law. A constitutional protection requires no legislation for its enforcement and confers the right to obtain compensation, regardless of whether or not there is a statutory provision therefor.

It is defendants' contention that the matter being appealed is an administrative decision of the Auditor as a constitutional officer, and that it does not involve the merits of the claim; that the Auditor's duties are defined by the legislature, and nowhere in the statutes is the Auditor given authority to hear contested cases. It was not until the 1975 legislature enacted Chapter 10, Session Laws of 1975, that the Auditor was given authority to promulgate rules regarding the issuance of warrants.

Defendant Auditor further contends that the approval of a voucher and the issuance of a warrant are ministerial acts where payment is for a public building. The provisions of SDCL 5-14-2, the Auditor says, govern her powers in approving vouchers and issuing warrants. Since the voucher presented to the Auditor by plaintiff was never approved by the State Engineer, she had no authority to issue a warrant. Until such approval was obtained it was her duty under the statutes to deny plaintiff's claim. We find merit in the Auditor's contention.

SDCL 4-9-7 provides in part that: "The state auditor may refuse to issue a warrant if he determines that such issue and payment is or would be illegal, unauthorized, or improper." SDCL 5-14-2 provides that funds appropriated for the payment of "[t]he construction of all capital improvements projects (including the cost of architectural services) * * * shall be paid on warrants drawn by the state auditor on vouchers duly approved by the bureau of administration and the authorized representative of the agency, board, commission or institution to which the project appropriation is made." (At the time the voucher in question was submitted, SDCL 5-14-2 provided for approval by the state engineer.)

There is no question but that the voucher in question was never approved by the State Engineer or by any authorized representative of the State Highway Commission. In her deposition, the Auditor repeatedly referred to this fact as the basis of her denial of payment of the voucher. This deposition, together with copies of the contract and of the letters between plaintiff's counsel and the Auditor, was submitted to the trial court and was made a part of the settled record.

Plaintiff complains that it was not given notice of the Auditor's intention to disallow its claim nor an opportunity to present evidence with respect to the merits of the claim. However, in her letter of September 18, 1973, the Auditor informed plaintiff's counsel that the voucher had not been signed and approved by the proper officer of the State Highway Department. Plaintiff's counsel requested the approval or disapproval of the voucher by the State Engineer and the State Highway

Department by letter dated September 20, 1973. Plaintiff does not contend that such approval was ever granted. Rather, it argues in its reply brief that the State Engineer and the State Highway Department did not provide it with an opportunity for a hearing. This may very well have been the case, but we think it is not an issue in the instant appeal.

To summarize, plaintiff was notified in the first instance by the Auditor that its claim was being rejected because it had not been properly approved. Plaintiff was apparently unsuccessful in securing the approval of the State Engineer and the State Highway Department. It was for this reason that the Auditor ultimately denied the claim. How could a due process hearing before the Auditor have possibly altered these facts? If plaintiff has any legitimate grievance, it is based upon the refusal of the State Engineer and the State Highway Department to approve its voucher. In the absence of such approval, the Auditor had no choice but to deny the claim. This is the record that was presented to the circuit court, and we, therefore, hold that the record supports the circuit court's judgment affirming the decision of the Auditor.

Affirmed.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.

COLER, J., concurs specially.

MUNDT, Circuit Judge, sitting for DOYLE, J., disqualified.

COLER, Justice (concurring specially).

I agree with the majority opinion to the extent of the holding that the claim of appellant must·be denied by reason of non-compliance with SDCL 5-14-2. I must disagree, however, with the implication that the auditor's authority to deny a claim under SDCL 4-9-7 does not involve a quasi judicial determination of the legal rights of the appellant thus constituting a "contested case" within the meaning of SDCL 1-26-1(2). See also SDCL 4-9-2, 4-9-7 and annotations thereunder. The plain import of SDCL 1-26 re-

quires an officer having power to determine the issues in a contested case to enter findings of fact and conclusions of law pursuant to SDCL 1-26-25. This power is separate and distinct from rule-making power, the exercise of which is also governed by the administrative procedure act. The trial court affirmed the auditor's "decision." I fail to find a "decision" in the record that in any way complies with SDCL 1-26-25.

In response to the query of the majority "How could a due process hearing before the Auditor have possibly altered these facts?" I would respond that by compliance with SDCL 1-26-16 through 1-26-24, culminating in a decision as defined by SDCL 1-26-25, this court would not have been put in the position of researching the records for the facts or identifying the statutory provisions for both the auditor and the trial court that dispose of the claim in this case. The opinion of the majority has the effect of determining that the claim of appellant was "adjusted" by the auditor pursuant to SDCL 4-9-2 and that trial de novo was had in this court as though the action had been commenced pursuant to SDCL 21-32-10 and 21-32-11 instead of being appealed under SDCL 4-9-7.

The majority opinion implies that there is some connection between Chapter 10 of the Session Laws of 1975 (SDCL 4-9-1.1) and the auditor's authority to hear contested cases. This overlooks the plain language of SDCL 1-26-1(2) which defines "contested" cases and the requirement for rules of agencies having power to determine the rights of parties. See SDCL 1-26-13 implemented by the auditor by 1974 ARSD 3:01:01:01, and subsequently filed rules of the auditor designated as Chapter 3:05 of ARSD implementing SDCL 4-9-1.1.

As originally enacted SDCL 1-26-2 provided in part as follows:

"In addition to other rule-making requirements imposed by law, each agency shall:

\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(2) Adopt rules of practice setting forth the nature

and requirements of all formal and informal procedures available, including a description of all forms and instructions used by the agency * * *."

That provision was taken from the Revised Model State Administrative Procedure Act, 1964, § 2, 9C U.L.A. The amendment to SDCL 1-26-2 by Chapter 8, § 4, S.L.1972, while removing the mandate for a procedural rule, certainly does not dictate that procedural rules cannot or should not be adopted if either SDCL 1-26 or the statutes governing the agency are not adequate to effect orderly, due process, determinations. The auditor, in this case, utilized an informal procedure not provided for by rule and relied on advice of counsel for the department of transportation in denying the claim. Nothing in the letters of the auditor to the appellant, referred to as a "decision," determines, as the majority holds, that "The work product was not produced within the time specified and thereupon the contract was cancelled." This finding constitutes a finding of fact which neither the agencies involved nor the trial court found and which is the determinative issue to be decided in the contested case.